IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAMON ELLIOTT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF )<br>AGRICULTURE, )<br>)<br>Defendant. )<br>) | Civil Action No. 22-cv-00142-LKG<br><br>Dated: June 26, 2023 |

**MEMORANDUM OPINION AND ORDER**

**I.      INTRODUCTION**

Plaintiff *pro se*, Damon Elliott, brings this civil action pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), against, Defendant, the United States Department of Agriculture (the "USDA"), challenging the adequacy of the USDA's search for documents responsive to his FOIA request. *See generally* ECF No. 1. The USDA has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). *See* ECF No. 17. Plaintiff has also filed motions for the Court to render a decision and for a hearing. ECF No. 27; 28.

The USDA's motion to dismiss is fully briefed. ECF Nos. 1; 17; 20; 21; 22. No hearing is necessary to resolve the pending motions. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court (1) **GRANTS** the Defendant's motion to dismiss; (2) **DENIES-AS-MOOT** Plaintiff's motion for a hearing; (3) **DENIES-AS-MOOT** Plaintiff's motion for the Court to render a decision; and (4) **DISMISSES** the complaint.

1

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

Plaintiff's FOIA Request

In this FOIA action, Plaintiff *pro se*, Damon Elliott, seeks to challenge the adequacy of the USDA's search for documents responsive to his FOIA request. ECF No. 1-1. Plaintiff was incarcerated at the Federal Correction Institution Fairton in New Jersey when he filed the FOIA request at issue in this case. *Id*.

As background, on January 11, 2021, Plaintiff filed a FOIA request with the USDA seeking records showing that, in 1997, Pamela Ann Cochran was a USDA employee at the agency's Beltsville Agricultural Research Service. ECF No. 17-1 at 2. After receiving Plaintiff's FOIA request, the USDA's Office of Information Affairs ("OIA") assigned a FOIA tracking number to the request. *Id.*

On February 19, 2021, the OIA sent a final "no records determination" letter to Plaintiff *via* first class mail. *Id.* In the final determination letter, the OIA advised Plaintiff of his right to appeal the agency's final determination and that any appeal must be received no later than 90 calendar days after the date of the USDA's final determination letter. *Id*.

On April 19, 2021, Plaintiff sent a handwritten letter to the OIA requesting an extension of the time to file his appeal. ECF No. 17-1 at 3. The OIA did not respond to Plaintiff's request for an extension and the agency maintains it discovered Plaintiff's letter after Plaintiff commenced this FOIA litigation. *Id.*

Plaintiff alleges that he filed a FOIA administrative appeal *via* certified mail on June 22, 2021. ECF No. 20 at 1; ECF No. 21-1, Ex. A at 2. But, the USDA maintains that it has no record of receiving Plaintiff's administrative appeal.[2] ECF No. 17-1 at 4.

---

[1] The facts recited in this memorandum opinion and order are taken from the complaint; the USDA's motion to dismiss; the memorandum in support thereof; Plaintiff's response in opposition to USDA's motion to dismiss; and the USDA's reply. *See generally* ECF Nos. 1; 17-1; 20; 21; 22.

[2] The USDA advises that, after the agency learned of Plaintiff's FOIA request, the USDA conducted three searches to locate Plaintiff's administrative appeal. ECF No. 17-1 at 3-4. But no record of Plaintiff's appeal was located. *Id*.

### B. Procedural History

Plaintiff commenced this FOIA action on January 19, 2022.  ECF No. 1.  On May 24, 2022, the USDA filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  ECF No. 17.

Plaintiff filed responses in opposition to the USDA's motion to dismiss on June 7, 2022, and June 8, 2022, respectively.  ECF Nos. 20; 21.  On June 9, 2022, USDA filed a reply.  ECF No. 22.

On May 25, 2023, Plaintiff filed a motion for the Court to render a decision.  ECF No. 27.  On June 16, 2023, Plaintiff filed a motion for hearing.  ECF No. 28.

The USDA's motion to dismiss having been fully briefed, the Court resolves the pending motions.

### III. LEGAL STANDARDS

#### A. *Pro se* Litigants

Plaintiff is proceeding in this matter without the assistance of counsel.  And so, the Court must construe the complaint liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted).  And so, if Plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

#### B. Jurisdiction And Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the

Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that a plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if the plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

Relevant to the pending motion to dismiss, the Fourth Circuit has held that, before a seeking, judicial review a FOIA requester must "exhaust [his] administrative remedies by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency." *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 820 (4th Cir. 2013). The FOIA requester must file such an appeal "within 90 calendar days of the date of the adverse determination." 7 C.F.R. § 1.9. A FOIA requester fails to exhaust administrative remedies under FOIA if the requester fails to file a timely administrative appeal. *See Coleman*, 714 F.3d at 820. And so, this Court has held that "[a] failure to exhaust administrative remedies under FOIA deprives the court[] of subject matter jurisdiction." *Gray v. Wash. Metro. Area Transit Auth.*, No. 8:16-cv-01792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017); *see Hughes v. USDOJ*, No. 2:19-cv-00550, 2020 WL 8813665, at *4 (S.D. W. Va. Oct. 26, 2020) (same).

IV.     ANALYSIS

The USDA has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12 (b)(1), upon the ground that Plaintiff failed to file a timely administrative appeal of the USDA's final determination. ECF No. 22 at 2. In his response in opposition to the USDA's motion, Plaintiff acknowledges that he did not timely file his administrative appeal. ECF 20 at 1; ECF 21 at 1. But, Plaintiff argues that the Court should

apply the doctrine of equitable tolling in this case. ECF No. 20 at 1; ECF No. 21 at 3. And so, Plaintiff requests that the Court DENIES the USDA's motion to dismiss. ECF No. 21 at 3.

For the reasons set forth below, the Court lacks subject-matter jurisdiction to consider this FOIA dispute. And so, the Court: (1) **GRANTS** the USDA's motion to dismiss; (2) **DENIES-AS-MOOT** Plaintiff's motion for a hearing; (3) **DENIES-AS-MOOT** Plaintiff's motion for the Court to render a decision; and (3) **DISMISSES** the complaint.

### A. The Court Lacks Jurisdiction To Consider This FOIA Matter

As an initial matter, the USDA persuasively argues that the Court should dismiss this matter for lack of subject-matter jurisdiction, because Plaintiff failed to file a timely administrative appeal of the USDA's final determination before commencing this litigation. ECF 17-1 at 4-6. A FOIA requester must submit an administrative appeal "within 90 calendar days of the date of the adverse determination." 7 C.F.R. § 1.9. And so, a FOIA requester must "exhaust [his] administrative remedies, by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency," before seeking judicial review in this Court. *Coleman*, 714 F.3d at 820.

This Court has also held that "[a] failure to exhaust administrative remedies under FOIA deprives the court[] of subject matter jurisdiction." *Gray*, 2017 WL 511910, at *2. And so, the failure to timely file an administrative appeal deprives this Court of subject-matter jurisdiction to consider a FOIA claim.

In this case, there is no dispute that the USDA's OIA sent a final "no records determination" letter to Plaintiff *via* first class mail on February 19, 2021. ECF No. 17-1 at 3; ECF No. 21 at 1. Given this, Plaintiff must have filed an administrative appeal of the USDA's final determination no later than May 20, 2021. Plaintiff acknowledges that he did not file a timely administrative appeal of the USDA's final determination. ECF No. 20 at 1; ECF No. 21 at 1. And so, Plaintiff's failure to file a timely administrative appeal, and to exhaust his administrative remedies, deprives the Court of subject-matter jurisdiction to consider his FOIA claim. *See Gray*, 2017 WL 511910, at *2; *see also Hughes*, 2020 WL 8813665, at *4.

Plaintiff also argues without persuasion that the Court should apply the doctrine of equitable tolling in this FOIA case. ECF No. 20 at 1; ECF No. 21 at 3. As discussed above, the requirement to exhaust administrative remedies under FOIA is a mandatory prerequisite to obtaining judicial review of Plaintiff's FOIA claim. *See Coleman*, 714 F.3d at 820. Federal

courts have consistently held that the remedy of equitable tolling should not apply to jurisdictionally-defective claims, such as the FOIA claim at issue in this case. *See Dale v. Md. DOT*, No. 1:13-cv-00191-ELH, 2015 U.S. Dist. LEXIS 5258, at *31 ("it is well established that jurisdictional provisions are not subject to equitable tolling"); *see also Ctr. to Prevent Handgun Violence v. U.S. Dep't of Treasury*, 981 F. Supp. 20, 23 (D.D.C. 1997) (citing *Dettmann v. Dep't of Justice*, 802 F.2d 1472 (D.C. Cir. 1986)) (holding that plaintiffs' failure to exhaust their administrative remedies precludes an equitable tolling remedy because the "[s]trict enforcement of the exhaustion doctrine is favored in FOIA cases"); *see also Wattleton v. U.S. Dep't of Just.*, No. CV 19-1402 (BAH), 2020 WL 4673416, at *3 (D.D.C. Aug. 12, 2020) (same). Given this, the Court declines to apply the doctrine of equitable tolling to Plaintiff's FOIA claim in this case. And so, the Court DISMISSES this matter for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

## V.     CONCLUSION

In sum, the Court does not possess subject-matter jurisdiction to consider Plaintiff's FOIA claim, because Plaintiff failed to exhaust his administrative remedies before commencing this FOIA action. And so, for the foregoing reasons, the Court:

1. **GRANTS** the USDA's motion to dismiss;

2. **DENIES-AS-MOOT** the Plaintiff's motion for a hearing;

3. **DENIES-AS-MOOT** the Plaintiff's motion for the Court to render a decision; and

4. **DISMISSES** the complaint.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

    s/Lydia Kay Griggsby
    LYDIA KAY GRIGGSBY
    United States District Judge